# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VERNON HOWARD MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20CV1189  NAB |
| | ) | |
| UNKNOWN CALVIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Vernon Howard Moore (registration no. 1118012), an inmate at the Western Reception, Diagnostic and Correctional Center ("WRDCC"), for leave to commence this civil action without payment of the required filing fee. (ECF No. 2). Having reviewed the motion, the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a prison account statement with his motion for leave to commence this civil action without payment of the required filing fee. On September 9, 2020, the Court entered an Order directing plaintiff to submit a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint. (ECF No. 4). On September 14, 2020, plaintiff responded to the Court's Order stating that the institution has refused to provide him with a certified inmate account statement. (ECF No. 5). Therefore, plaintiff will be required to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).  *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).  In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for the taking of his personal property while he was incarcerated at the Missouri Eastern Correctional Center ("MECC"). Named as defendants are five MECC employees: Unknown Calvin (Property Room Officer), Unknown Smith (Functional Unit Manager), Michelle Kasak (Deputy Director), Kelly Wisdom (Sergeant), and R. Jennings (Warden). Plaintiff brings his claims against all defendants in their individual and official capacities.

Plaintiff alleges that on September 13, 2019 between 11:00 p.m. to 12:00 a.m. he declared he was in fear of his life and sought protective custody. Plaintiff states defendant Wisdom inventoried his personal property and "was the last person . . . who was in charge of [his] property." Plaintiff identifies defendant Smith as the Supervisor of Housing Unit 3 "where property is housed until taken to [the] property room." Plaintiff states "MECC has a history of offenders stealing other inmates['] property from the [Housing Unit] 3 module[.]" Plaintiff identifies defendant Calvin as the Property Officer who has a history of giving away or "blatantly" losing inmate property.

Plaintiff states that from September 13, 2019 to December 4, 2019 he was housed in administrative segregation on protective custody status while his property remained in the MECC property room under the supervision of defendant Calvin. Plaintiff was transferred to WRDCC on December 4, 2019, where he is currently incarcerated. Plaintiff alleges he is now missing the following property: television, blanket, two towels, CD player, jogging pants, shorts, and cotton pants. As to the television, plaintiff appears to allege that defendant Calvin determined it to be another inmate's contraband, however, the allegations are not stated clearly. Plaintiff generally

4

alleges that defendants Warden Jennings and Deputy Director Kasak were "deliberately and maliciously indifferent during their investigation of [his] property status" and all defendants violated his due process rights.

For relief, plaintiff seeks $7,000 in actual damages and $300 from each defendant "so they know how it feels to lose money."

## Discussion

### A. Individual Capacity Claims

Having carefully reviewed the complaint, the Court concludes that plaintiff's due process claims against all defendants in their individual capacities based on the loss of his personal property fails to state a claim cognizable under § 1983 and is legally frivolous. Although the due process clause may be implicated when a prisoner suffers a loss of property, if the taking by prison officials is intentional and the state provides an adequate postdeprivation remedy, there is no violation of due process under § 1983. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy); *see also Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) (taking did not violate due process because Missouri prisoner had adequate post-deprivation remedy); *McGee-El v. Hartegan*, 2008 WL 5071107, at *2 (E.D. Mo. Nov. 24, 2008) ("There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy.").

In addition to an intentional taking, "no due process claim exists if the loss of plaintiff's property was the result of negligence." *Chambers v. Blankenship*, No. 4:07-CV-1994-FRB, 2008 WL 474329, at *2 (E.D. Mo. Feb. 15, 2008) (citing *Daniels v. Williams*, 474 U.S. 327, 328

(1986); *accord Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of property)).

Plaintiff's complaint appears to allege that the taking of his property was both intentional and negligent and in violation of his due process rights. For example, plaintiff avers that defendant Calvin "has a history of negligence of giving other inmates property to other inmates or blatantly losing offenders property." Plaintiff does not allege he lacks an adequate postdeprivation remedy, and, in fact, the State of Missouri provides the postdeprivation remedy of replevin for the recovery of personal property, Mo. R. Civ. P. 99.01-99.15, and a common-law remedy for conversion. *Hardesty v. Mr. Cribbin's Old House, Inc.*, 679 S.W.2d 343, 347 (Mo.Ct.App. 1984). *See also Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811, 814 (Mo.Ct.App. 1982). Following the above stated case law, plaintiff's due process claims are not cognizable under § 1983.

Furthermore, to any extent plaintiff is alleging that defendants Warden Jennings and Deputy Director Kasak are liable solely because they held administrative or supervisory positions, such claims are also subject to dismissal. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is a causal connection between his actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role; he cannot be held liable for the outcome of the process). Plaintiff has failed to plead specific facts establishing an actual link or connection between defendants Jennings and Kasak and the

6

alleged acts and, as stated above, the intentional or negligent taking of property is not a constitutional violation appropriate for a § 1983 action.

Because plaintiff has failed to allege a deprivation of a constitutional right and the state provides a postdeprivation remedy, the Court finds that his claims against defendants in their individual capacities related to the loss of his personal property should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Official Capacity Claims

The complaint is also legally frivolous as to all defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff alleges all defendants are employed by the MECC, or the State of Missouri. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As such, the complaint is legally frivolous as to all defendants in their official capacities. *See e.g.*, *Harrison v. Sachse*, No. 4:15-CV-631-AGF, 2015 WL 3868086, at *2 (E.D. Mo. June 23, 2015) (dismissing MECC officials in their official capacities).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 23rd day of September, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE